IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DANIEL T. ROBINSON, JR.,

    Plaintiff,

v.      No. 03-2220 B/A

AMERICAN HONDA FINANCE
CORPORATION and BRYCE FREEMAN,

    Defendants.

---

### ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

---

Before the Court is the motion of the Plaintiff, Daniel T. Robinson, to alter or amend the judgment entered by the Court in favor of the Defendants, American Honda Finance Corporation and Bryce Freeman, an authorized representative of the corporate defendant, (collectively, "Honda"), pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The motion is ripe for disposition even though the Defendants have filed no response thereto, as the time for such response has expired.

Rule 59 permits the filing of motions to alter or amend a judgment within ten days after entry of judgment.

> The purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the court reconsider matters properly encompassed in a decision on the merits. This rule gives the district court the power to rectify its own mistakes . . . Generally, three situations justify a district court altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice. It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal.

Sherwood v. Royal Ins. Co. of Am., 290 F.Supp.2d 856, 858 (N.D. Ohio 2003) (internal citations and quotation marks omitted).

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 4-29-05



The Plaintiff brought this action under the Federal Credit Reporting Act, codified at 15 U.S.C. § 1692, et seq. ("FCRA"), alleging that Honda unlawfully furnished information relative to Robinson to a consumer credit reporting agency which the Defendants knew or should have known was inaccurate. During the pendency of this litigation, the Court highlighted to the Plaintiff and his counsel issues suggesting that Robinson would not be able to maintain an action under the statute based on the facts of this case, and instructed the parties to submit briefs. On August 20, 2004, the Plaintiff submitted to the Court a letter setting forth his position and the Defendants filed a motion to dismiss and for summary judgment. Upon consideration of all of the parties' filings, the Court entered an order on March 31, 2005 granting the motion for summary judgment and dismissing this matter in its entirety.

In the instant motion, the Plaintiff avers that he was unaware of the Defendants' filing, even though the dispositive motion contained a certificate of service reflecting that a copy thereof was mailed to Plaintiff's counsel, and that the filing was made after the passing of the dispositive motion deadline. The remainder of the Rule 59(e) motion is a re-argument of the matters addressed by the Court in its March 31 order. As the Plaintiff has not argued that there exists an "intervening change in controlling law," "new evidence not available at trial," "a clear error of law" or a "manifest injustice," the Court has no basis upon which relief under Rule 59(e) may be granted. Accordingly, the motion is DENIED.

IT IS SO ORDERED this 28th day of April, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 40 in case 2:03-CV-02220 was distributed by fax, mail, or direct printing on April 29, 2005 to the parties listed.

---

Stephen H. Biller
THE BOGATIN LAW FIRM
1661 International Place Dr.
Ste. 300
Memphis, TN 38120

John W. Campbell
HUSCH & EPPENBERGER
200 Jefferson Ave.
Ste. 1450
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT